# In the United States Court of Federal Claims

No. 18-860C
(Filed under seal June 30, 2021)
(Reissued July 22, 2021)[†]

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
                                  *
ACI TECHNOLOGIES, INC.,           *
                                  *
                Plaintiff,        *
                                  *
        v.                        *
                                  *
THE UNITED STATES,                *
                                  *
                Defendant,        *
                                  *
        and                       *
                                  *
ANDREA SYSTEMS, LLC,              *
                                  *
                Defendant-Intervenor.  *
                                  *
* * * * * * * * * * * * * * * * * *
```

*H. Todd Whay*, Baker, Cronogue, Tolle & Werfel, LLP, of McLean, Va., for plaintiff.

*Elizabeth Anne Speck*, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for defendant. *Jennifer Janulewicz*, DLA Counsel–Land and Maritime, of counsel.

*Patrick D. Bonner, Jr.*, Menz Bonner & Komar, LLP, of New York, N.Y., for defendant-intervenor.

## ORDER

---

† Because of the protective order in this case, this order was initially filed under seal, and the parties were given the opportunity to request redactions. None has done so. Accordingly, this order is reissued for publication with a few minor, non-substantive corrections.

WOLSKI, Senior Judge.

For the reasons stated on the record during the May 4, 2020 status conference, and as briefly elaborated upon below, the cross-motions for judgment on the administrative record of the government, ECF No. 29, and of intervenor Andrea Systems, LLC (Andrea), ECF No. 30, are **GRANTED**, and the motion for judgment on the administrative record of plaintiff ACI Technologies, Inc. (ACI), ECF No. 26, is **DENIED**. This post-award bid protest challenged the award of a contract to Andrea by the Defense Logistics Agency (DLA or agency), to supply the Army with certain intercom units (called Control, Intercommunication Sets or "CIS") to be installed on the airframes of UH-60A/L Black Hawk helicopters. Plaintiff maintained that the award violated the terms of the solicitation, which specified that a proposal "will not be considered unless" its CIS received an Airworthiness Release (AWR) for use in Black Hawk "helicopter *airframes*." Admin. R. (AR) 78 (emphasis added). The AWR issued for a CIS attached to the Black Hawk airframe identified Andrea's product as the "A301-1A," AR at 614, but the version that was the object of the awarded contract was the "A301-1A-BG," AR 78---the difference being a blue-green light filter used in place of the standard red one, to accommodate night vision, *see* AR 632.

This award did not violate the terms of the solicitation, however, as the Request for Proposals stated that the "approved part numbers" of the items that were being procured included Andrea's "A301-1A-BG." AR 78. Thus, in addition to requiring an AWR, the agency also identified the Andrea unit with the blue-green filter as one of the two intercoms it had already approved for purchase. Under the canon of construction concerning inconsistent general and specific contractual provisions, the specific provision, identifying an "approved" part by serial number, would control. *See, e.g.*, *Jennie-O Foods, Inc. v. United* States, 217 Ct. Cl. 314, 337 n.3 (1978); *United Pac. Ins. Co. v. United States*, 204 Ct. Cl. 686, 694 (1974); *Dravo Corp. v. United States*, 202 Ct. Cl. 500, 504 (1973); *Morrison-Knudsen Co. v. United States*, 184 Ct. Cl. 661, 696–97 (1968).[1] Moreover, no law or regulation has been identified requiring the issuance of an AWR before a contract may be awarded. The Army's airworthiness regulation, Army Regulation 70-62, requires an AWR "prior to operation" of an aircraft component, *see* Ex. 2 to Compl., ECF No. 1-3 at 16 (Army Reg. 70-62, § 3-1(*a*)(2)), not prior to acquisition.

The mistake made by the agency was not its determination that Andrea's product complied with the solicitation, but rather its assumption that the Army had

---

[1] This canon is known as *"generalia specialibus non derogant."* *See Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 21 (2012); *Anchor Sav. Bank, FSB v. United States*, 121 Fed. Cl. 296, 327 (2015); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 183–84 (2012).

confirmed the airworthiness of the right version of the intercom.  The only reason that the AWR for intercoms mounted on the airframe did not specify the Andrea model with the blue-green light filter was a miscommunication with the employee of the Army's Aviation Engineering Directorate (AED) who was tasked with updating that particular AWR.  He apparently was not informed that the blue-green light filter was dictated by the Army's current specifications, *see* AR 52–53, and only considered the airworthiness of Andrea's base part, number A301-1A, *see* AR A3–A4.  A different office of the AED had approved the airworthiness of Andrea's base part, when used in the Black Hawk console, after testing.  *See* AR 68, 630, A3, A8–A1286.  This approval for use in the console was subsequently extended to cover the version with blue-green light filter, part number A301-1A-BG, through the "Qualification by Similarity" process, on April 13, 2016.  AR 632; *see also* AR 630.  As "the function of the A301-1A-BG is the same whether installed in the Black Hawk's AN/ASC-15E console or the airframe," the employee who revised the AWR for the airframe would have included the A301-1A-BG in that AWR prior to the solicitation being issued for the contract awarded to Andrea, had he realized that was the version the Army was considering buying.  *See* AR A3–A4.[2]

This clerical error was particularly confounding, as it appears the only reason the AWR for the airframe was being revised was to allow the Andrea intercoms which had previously been approved for use in the Black Hawk console to be eligible for this procurement.  When Andrea submitted an offer for the predecessor contract, the offer was rejected because its CIS had been issued an AWR as a component of the Black Hawk *console*, but not as a unit mounted separately on the *airframe*.  AR at 68.  Andrea threatened to protest this exclusion.  *Id.*  Shortly thereafter, more than one year before the then-current AWR for the airframe intercom was to expire, *see* AR 666, it was revised to include Andrea's A301-1A, *see* AR 614.  As a consequence, the Army updated the database of approved supply items, adding to the National Stock Number (NSN) of intercoms to be used in the Black Hawk the Andrea part number which corresponded with the intercom matching its current specifications, the A301-1A-BG.  AR 51–53.  This entry was then the basis for the listing of that version as an approved part number in the Request for Proposals.  AR 612.

The administrative record thus shows clearly that, had the Army realized that the AWR for the airframe did not cover Andrea's intercom with the blue-green light filter, the AWR would have been revised to include that model---as there was no rational basis to limit approval to the base model, in light of the Qualification by Similarity determination.  Indeed, once the correct instruction was received by the

---

[2]  A report submitted by Andrea had demonstrated, to the AED's satisfaction, that the swapping of lens colors for the panel lighting would have no bearing on the test results previously considered.  *See* Ex. 1 to Gloisten Decl., ECF No. 30 at 52–87.

AED employee, it took him but two business days to confirm that the A301-1A-BG had proven to be airworthy and to update the relevant AWR. AR A4 (¶ 14). Thus, any mistake made by the agency did not prejudice ACI. And since the erroneous omission of the Andrea intercom from the AWR was not known by offerors at the time offers were submitted, this mistake could not have induced ACI to alter its offer---it made its proposal on the assumption that the A301-1A-BG was an approved alternative to its own product. *See* AR 78. Under these circumstances, the award to Andrea was not arbitrary or improper.

Plaintiff also challenged the process by which Andrea's intercom was found airworthy, contending that its own product underwent more rigorous testing. *See* Pl.'s Mot. for J. at 14–15. But the administrative record contains the lengthy, detailed testing of the Andrea intercom, AR A11–A1286, and the AED's approvals, AR A6–A7. Plaintiff has not identified any solicitation provision, law or regulation that was violated in the approval process. In light of the great discretion possessed by the military concerning technical safety testing, *see TAT Techs., Ltd. v. United States,* 128 Fed. Cl. 109, 114 (2016), the Court could not find the Army's determination of the airworthiness of the Andrea products to have been arbitrary or unlawful.[3]

For the reasons discussed above, and as stated on the record during the May 4, 2020 status conference, plaintiff's motion for judgment on the administrative record is **DENIED**, and the cross-motions of defendant and intervenor are **GRANTED**. The Clerk shall enter judgment accordingly.


**IT IS SO ORDERED.**


s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge

---

[3] As the issuance of an AWR is a part of "the process for determining a need for property or services," 41 U.S.C. § 111, it can properly be challenged in a bid protest. *See Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008).